■ In the Matter of the Claim of NORMAN SAMUELS, Appellant. NEW YORK CITY TRANSIT AUTHORITY, Respondent; COMMISSIONER OF LABOR, Respondent. [987 NYS2d 270]—

Egan Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a track specialist with a municipal transportation authority for allegedly refusing to comply with a work order and pushing a supervisor onto a live, elevated train track. Claimant contested his discharge under the collective bargaining agreement and, following a full evidentiary arbitration hearing at which claimant was represented by counsel, the arbitrator determined, among other things, that claimant did in fact push his supervisor and that just cause existed for claimant's discharge. Thereafter, the Unemployment Insurance Appeal Board, adopting the arbitrator's findings of fact, denied claimant's application for unemployment insurance benefits upon the basis that he lost his employment due to disqualifying misconduct. Claimant appeals, contending that the Board erred in according collateral estoppel effect to the arbitrator's factual findings and that the Board's decision was not supported by substantial evidence.

We affirm. Where the record establishes that there was "a

full and fair opportunity to litigate the issue of the conduct precipitating termination in an arbitration proceeding, the arbitrator's factual findings must be accorded collateral estoppel effect" (*Matter of Mordukhayev [Commissioner of Labor]*, 104 AD3d 1005, 1006 [2013]). Here, a review of the record confirms that the Board properly took into account the arbitrator's factual findings regarding claimant's conduct toward the supervisor and made an independent evaluation as to whether claimant's behavior constituted disqualifying misconduct for the purposes of unemployment insurance (*see Matter of Chohan [Commissioner of Labor]*, 108 AD3d 920, 921 [2013]; *Matter of Redd [Commissioner of Labor]*, 98 AD3d 791, 791 [2012], *lv denied* 20 NY3d 857 [2013]). Furthermore, inasmuch as fighting with a coworker has been held to constitute disqualifying misconduct (*see Matter of Jones [Commissioner of Labor]*, 100 AD3d 1134, 1134 [2012]; *Matter of Hernandez [Commissioner of Labor]*, 98 AD3d 1185, 1185 [2012]), substantial evidence supports the Board's finding that claimant was disqualified from receiving unemployment insurance benefits under the circumstances herein. Accordingly, the decision will not be disturbed.

Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Stein, J.P., McCarthy and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.